CASE 19—INDICTMENT—JANUARY 17.

# Commonwealth v. Chesapeake and Ohio Railroad Company.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. THE FAILURE OF A RAILROAD COMPANY TO GIVE BOND for the faithful application of the money arising from a county subscription to aid in building its road does not render it liable to indictment; and even if it were liable, its lessee could not be made liable for its wrong.

2. LESSEE OF RAILROAD NOT LIABLE FOR WRONG OF LESSOR.—The lessee of a railroad can not be held responsible for the negligence or wrong of its lessor.

HARGIS & EASTIN, M. M. REDWINE FOR APPELLANT.

1. The indictment plainly charges an offense under the statute. (Act of April 9, 1873, Gen. Stats., p. 843, 1st ed.; act of April 12, 1873, sec. 3 )

2. As to the time when the offense was committed, it is only necessary to allege that it was before the finding of the indictment. (Commonwealth v. Jones, 1 Bush, 34.)

3. It is not necessary that the indictment should negative any matters of defense. (Commonwealth v. McClannahan, 2 Met., 8; Megowan v. Commonwealth, 2 Met., 3.)

BRECKINRIDGE & SHELBY FOR APPELLEE.

There is no warrant for such a prosecution as this in the act of April 12, 1873; but even if there were, this indictment is not good as to these appellees. It was the E., L. & B. S. Railroad Co. which is alleged to have failed to give the bond. The appellee, the C. & O. R'y Co., is not liable for this default of its lessor.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, as the lessee of the Elizabethtown, Lexington and Big Sandy Railroad Company, was indicted in the Montgomery Circuit Court for operating its road, &c., in said county without having given bond for the faithful application of the money arising from the subscription by said county in aid of

the building of the said Elizabethtown, Lexington and Big Sandy Railroad, for which sum bonds of the county were issued to said road. But the present appellee received none of said bonds.

The act of the 9th of April, 1873, requires the county judge, or other person authorized to issue county, precinct or city bonds in aid of any railroad, &c., to execute covenant to such county, precinct, &c., that the said bonds or money shall be faithfully and honestly applied to the object for which they were subscribed, &c. This act prescribes no penalty whatever for a failure on the part of the road to execute this covenant. It is made the duty of the county judge, &c., to require such covenant of the road, &c., before issuing the bonds in its aid; but his failure to require such covenant before issuing said bonds, or the failure of the road to execute the same, does not make it criminally liable for such failure. In such case it is simply a failure of official duty on the part of the county judge, &c., for which he is responsible.

On the 12th day of the same month and year the Legislature passed another act, by the third section of which it is sought to make the appellee liable. Said section is as follows: "That if any corporation, persons or individuals who are in the use of corporate powers, franchises or privileges, *before the use of which a bond or bonds is required to be executed, shall attempt to use, or shall hereafter use or exercise, any corporate powers, franchises or privileges so granted him, them or such corporations*, without first giving the bond or bonds by the laws under

which they claim such powers, franchises or privileges, he or they shall be fined," &c.

The "bond or bonds" mentioned in this section evidently means such bond or bonds as the law requires the corporations to execute before exercising the "corporate powers and privileges" granted to them. There is nothing in said section requiring the appellee or its predecessor to execute the covenant to said counties, &c., as a condition precedent to its right to exercise its corporate powers or privileges which are usually found in their charter. There is nothing in the charter of the Elizabethtown, Lexington and Big Sandy Railroad Company, nor in any general law, that requires such "covenant" to be executed "before" it could exercise its "corporate powers, franchises or privileges." It may be, as the right to amend said charter was reserved, the Legislature had the right to require such covenant as a condition precedent to its right to the further exercise of the "corporate powers, privileges," &c.; and it may be that the framers of the act of the 12th of April, *supra*, intended the third section thereof in reference to requiring the execution of said covenant, and the penalty for a failure to do so, to be supplemental to the act of the 9th of the same month, and as requiring the execution of said covenant as a condition precedent to the right of such corporations to further exercise their corporate powers and privileges; but if such was their intention, they shot wide of the mark, for the language they employed conveys no such meaning. Besides, the county bonds were executed in aid of the Elizabethtown, Lexing-

ton and Big Sandy Railroad Company, whose duty it was, if required, to execute covenant to said county. If said road was in default in that regard, it was guilty of a negligence or wrong, for which its lessee, the appellee, is in nowise responsible. Although the appellee is using the same property, &c., it is not responsible for the negligence or wrong of its predecessor, for the property can be guilty of no negligence or wrong; human beings alone can be guilty of that, and to impose a penalty upon persons because of the negligence or wrong of their predecessors, who were lessors only, in the management of the same property, would be revolting to the first principles of justice.

The judgment is affirmed.